UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOMMY F. ADAMS,

                Plaintiff,

-against-

ROBERT HALF INTERNATIONAL,

                Defendant.

23-CV-5815 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendant discriminated against him based on in race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the New York State and New York City Human Rights Laws ("NYSHRL" and "NYCHRL"). By order dated August 28, 2023, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on September 26, 2023, and the Court has reviewed it. The Court dismisses the action for the reasons set forth below.

**BACKGROUND AND DISCUSSION**

      In his original complaint, Plaintiff, alleged that, "[a]fter uploading a very detailed resume that identified [him] as one of the greatest high graduates in U.S. history, [he] was denied employment by [Defendant]." (ECF 1, at 5.) Plaintiff "believe[d] the reason for the rejection was [his] race," which he identified as Black or African American. (*Id.*) By order dated August 28, 2023, the Court held that although Plaintiff alleged that he was African American and that Defendant did not hire him, he did not allege facts suggesting a plausible connection between his race and Defendant's decision not to hire him. (*See* ECF 4, at 4-6.) The Court granted Plaintiff

leave to file an amended complaint alleging specific facts suggesting that this race was a motivating factor or the but-for cause in Defendant's decision not to hire him.

In his amended complaint, Plaintiff again alleges that Defendant denied him employment based on his race, and also adds claims that Defendant discriminated against him on the basis of his religion (Christian) and sex (heterosexual) in violation of Title VII, on the basis of his age (61 years old), in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), and on the basis of a disability (schizophrenia), in violation of the Americans With Disabilities Act ("ADA"). Plaintiff's factual allegations in the amended complaint are virtually identical to the facts he alleged in the original complaint. Approximately four years ago, Plaintiff uploaded a resume to Defendant's website that identified Plaintiff as "the first and only black, male, captain of a white athletic team in [the] world and American history." (ECF 5, at 6.) Plaintiff maintains that he is "the most eligible, black, bachelor in America [is therefore] the target of white supremacist longings to marry off beautiful, black, debutants to white males only against whom [he is] the only major competition." (*Id.*) Plaintiff alleges that '[i]t is a fact that a white man's pretty, black, virgin, sex comes from keeping [Plaintiff] out of the employment pipeline, especially for management positions." (*Id.*) It is also "a fact that [Defendant] and every other employer in New York City are engaging in de facto sex trafficking in pretty black male and female flesh and have been for the last 44 years." (*Id.*) Plaintiff states that he graduated high school "with a 95 average, got 1600 on the S.A.T.," was named a national merit scholar, went to Cornell University, and "scored 99 on an A.S.V.A.B.,"[1] but that he has been "denied a good job since he left high school." (*Id.*)

---

[1] The Court understands "A.S.V.A.B." to be a reference to the Armed Services Vocational Aptitude Battery.

A.    **Claims under Title VII and Section 1981**

The Court dismisses Plaintiff's Title VII claims that Defendant discriminated against him on the basis of his race, sex, and religion and his Section 1981 claims that Defendant discriminated against him based on his race for the same reasons stated in its August 28, 2023. Plaintiff fails to state a claim under Title VII because his allegations are speculative and conclusory and are insufficient to give rise to a plausible inference that his race, sex, or religion was a motivating factor in the employment. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86, 87 (2d Cir. 2015). Plaintiff fails to state a claim under Section 1981 because his allegations do not suggest that his race was the but-for cause of the employment decision. *See Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). The Court therefore dismisses Plaintiff's claims under Title VII and Section 1981 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.    **Claims under the ADEA**

Plaintiff asserts for the first time in the amended complaint that Defendant also discriminated against him on the basis of his age in violation of the ADEA. The ADEA makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). The ADEA "prohibits discrimination in employment on the basis of age against persons aged 40 or older." *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194 (2d Cir. 2007) (citing 29 U.S.C. §§ 623(a)(1), 631(a)). To state a claim of employment discrimination under the ADEA, a plaintiff must allege facts showing that his age was the "but-for" cause of the employer's adverse employment action against him. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015) (quoting *Gross v. FBL Fins. Servs., Inc.*, 557 U.S. 167, 177 (2009)).

3

Here, Plaintiff alleges that he was born in 1961 (ECF 5, at 6), and is therefore aged 40 or older. Plaintiff, however, alleges no facts suggesting that his age was the but-for cause of Defendant's decision not to hire him. The Court therefore dismisses Plaintiff's claims under the ADEA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.  State law claims**

Plaintiff also asserts claims under the NYSHRL and NYCHRL. A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.  Further leave to amend is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses the action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   November 3, 2023
         New York, New York

                                  /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  Chief United States District Judge